IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| James Lynn Tucker, | ) | C/A No. 0:09-1237-JFA-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Larry W. Powers, and Judy Collins, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, James Lynn Tucker ("Tucker"), a self-represented pre-trial detainee at the Spartanburg County Detention Facility ("SCDF"), filed this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (Docket Entry 22.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Tucker of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (Docket Entry 30.) Tucker filed a response in opposition to the defendants' motion. (Docket Entry 32.) Having carefully reviewed the parties' submissions, the court finds that the defendants' motion should be granted.

## BACKGROUND

Tucker's Amended Complaint raises claims of deliberate indifference by prison officials in violation of the Fourteenth Amendment to the United States Constitution. Tucker alleges that on March 14, 2009, shortly after arriving at SCDF, he went to the medical center and was told that he had a hole in his left eardrum and swollen tonsils. (Am. Compl., Docket Entry 10 at 3 & Docket Entry 10-2 at 3.) He was prescribed antibiotics and Motrin "for about a week," but alleges that he

has since requested follow-up medical attention because of continued headaches and pain but has not received any response. (Docket Entry 10 at 3.) Additionally, Tucker states that he filed grievances and wrote letters to Warden Larry Powers, Lt. Pilgram, and Judy Collins, but has received no response. (Id.)

In support of their motion for summary judgment on this claim, the defendants have submitted the affidavit of Larry Powers, Director of SCDF; the affidavit of Judy Collins, a registered nurse at SCDF; and Tucker's medical records. The medical records reflect that Tucker was seen on at least seven occasions by the medical staff; Dr. Salvatore Bianco, the SCDF contract physician; or the Spartanburg Ear, Nose, Throat, Head & Neck Surgery Clinic, P.A. ("Spartanburg ENT"). Additionally, the records reflect that Tucker has been prescribed medication on at least ten occasions. (Med. Records, Docket Entry 23 at 7.)

Collins avers that at the time of Tucker's detention, he was suffering from a preexisting perforation of his left ear drum and chronic ear aches, but that none of these problems are medically urgent or serious. (Collins Aff. ¶ 3, Docket Entry 23.) Initially, Tucker's complaints regarding his ear pain were treated with antibiotic eardrops and Motrin. (Collins Aff. ¶ 5, Docket Entry 23.) Upon evaluation by Dr. Bianco on April 7, 2009, Tucker's Motrin strength was increased and he was also prescribed Amoxicillin to prevent infection. (Collins Aff. ¶ 6, Docket Entry 23; Med. Records, Docket Entry 26 at 8.) During this examination, Dr. Bianco noted mild inflammation and a large central perforation in Tucker's left ear. (Id.) Tucker continued to complain about pain regarding his ear, as well as headaches and was again prescribed Motrin. (Collins Aff. ¶ 7, Docket Entry 23.) Dr. Bianco evaluated Tucker on July 1, 2009 and, because of his continued ear problems, referred Tucker to an ear, nose, and throat physician ("ENT"). (Collins Aff. ¶ 8, Docket Entry 23.) Tucker was examined at Spartanburg ENT on July 13, 2009, at which time he was prescribed Ciprodix Otic

Suspension (antibiotic ear drops), a soft diet, and Aleve. (Collins Aff. ¶ 10, Docket Entry 23; Med. Records, Docket Entry 24 at 6.) Tucker complained on July 17 and 22 that he was not receiving his medication and was subsequently taken to the medical center to receive his ear drops and pain medication. (Collins Aff. ¶ 11, Docket Entry 23; Med. Records, Docket Entry 24 at 3-5.) Spartanburg ENT contacted SCDF on August 10, 2009 recommending surgery to repair Tucker's perforated ear drum. (Collins Aff. ¶ 12, Docket Entry 23; Med. Records, Docket Entry 24 at 2.) Because Tucker's medical condition was preexisting and was neither medically urgent or serious enough to require immediate surgery, the SCDF informed Spartanburg ENT that it would not be responsible for the cost of Tucker's surgery. (Collins Aff. ¶ 12, Docket Entry 23; Powers Aff. ¶ 8, Docket Entry 22-2.) Tucker was advised of this decision and asked if he or his family could afford to pay for the surgery; Tucker indicated that he could not. (Med. Records, Docket Entry 23 at 11.) Dr. Steiniger at the Spartanburg ENT informed Tucker that he would continue to treat his ear condition as needed. (Id.) Powers also indicates in his affidavit that "should [Tucker's] situation deteriorate to the point that surgery is deemed medically necessary, then [Tucker] will be provided access to such care." (Powers Aff. ¶ 8, Docket Entry 22-2.)

Additionally, Powers attests that Tucker submitted Inmate Grievance/Request Forms on April 29, 2009 and May 10, 2009, which Powers referred to the medical department for review by Dr. Bianco. (Powers Aff. ¶¶ 6-7, Docket Entry 22-2.) According to Powers, Dr. Bianco's initials indicate to him that Dr. Bianco reviewed the grievances. (Id.)

Tucker has presented no evidence whatsoever refuting the defendants' proof, and therefore the court considers the above facts to be undisputed.

**DISCUSSION**

A. **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of

a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Medical Claim**

The standard for reviewing medical claims of pretrial detainees under the Fourteenth Amendment is essentially the same as that for a convicted prisoner under the Eighth Amendment—deliberate indifference to serious medical needs. Hill v. Nicodemus, 979 F.2d 987, 991 (4th Cir. 1992); Martin v. Gentile, 849 F.2d 863, 871 (4th Cir. 1988) (citing Estelle v. Gamble, 429 U.S. 97 (1976)). Not "every claim by a prisoner [alleging] that he has not received adequate medical treatment states a violation of the [Constitution]." Estelle, 429 U.S. at 105. A prison official is deliberately indifferent if he has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. Farmer v. Brennan, 511 U.S. 825, 847 (1994); see also Parrish v. Cleveland, 372 F.3d 294, 302 (4th Cir. 2004). The government is required to provide medical care for incarcerated individuals. Estelle, 429 U.S. at 102. However, to establish deliberate indifference, the treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Mere negligence, malpractice, or incorrect diagnosis is not actionable under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 106. Further, while the Constitution requires a prison to provide inmates with medical care, it does not demand that a prisoner receive the treatment of his choice. Jackson v. Fair, 846 F.2d 811, 817 (1st Cir. 1988). A detainee's disagreement as to the type of care he should receive does not state a claim for deliberate indifference. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

As discussed above, in support of their motion, the defendants have presented unrefuted evidence that Tucker, who suffered from a preexisting perforation of his left eardrum and earaches,

was seen multiple times by SCDF medical staff, Dr. Bianco, and the Spartanburg ENT. On numerous occasions Tucker presented to the medical department at the detention center with medical ailments and was provided with treatment and medication. Although Tucker was recommended for surgery following an examination by an ear, nose, and throat specialist, this surgery was not medically urgent. After Tucker's decision to not have surgery at his own expense, the detention center continued to provide Tucker with pain medication. Tucker has failed to introduce evidence refuting this. Accordingly, no reasonable jury could find that the defendants were deliberately indifferent to Tucker's serious medical needs. Moreover, to the extent that Tucker's claims against the defendants sound in negligence, they are not actionable under § 1983. See Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Pink v. Lester, 52 F.3d 73, 78 (4th Cir. 1995) ("The district court properly held that Daniels bars an action under § 1983 for negligent conduct."); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see also Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.").

**C.     Qualified Immunity**

The defendants also assert that they are entitled to qualified immunity. The court agrees. Qualified immunity shields governmental officials performing discretionary functions from liability for damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); see also Pritchett v. Alford, 973 F.2d 307, 313 (4th Cir. 1992) (stating that qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law"). To resolve a qualified immunity defense, the court must (1) determine whether the facts alleged, taken in the light most favorable to the plaintiff, show that the defendants' conduct violated

a constitutional right, and (2) determine whether the right was clearly established at the time of the alleged misconduct.  <u>Pearson v. Callahan</u>, 129 S. Ct. 808, 815-16 (2009).  In this case, because Tucker has failed to establish that he was deprived of a constitutional right, the defendants are entitled to qualified immunity.

## RECOMMENDATION

For all of the foregoing reasons, the court recommends that the defendants' motion for summary judgment ([Docket Entry 22](Docket Entry 22)) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 21, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).