UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| James Lynn Tucker, | ) | C/A No. 0:09-1237-JFA-PJG |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| Larry W. Powers; and Judy Collins, | ) | |
| Defendants. | ) | |

The *pro se* plaintiff, James Lynn Tucker, brings this action pursuant to 42 U.S.C. Section 1983. He was a pretrial detainee at the Spartanburg County Detention Facility at the time this action was filed. In his complaint, plaintiff asserts that the defendants were deliberately indifferent to his medical needs and thus violated his rights under the Constitution.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation and opines that the defendants' motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter,

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying plaintiff of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motions for summary judgment. Plaintiff responded to the motion.

1

and the court incorporates such without a recitation and without a hearing.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on June 21, 2010, however he has not done so within the time limits prescribed.

As the Magistrate Judge correctly notes, with respect to medical care in a case alleging a violation of Fourteenth Amendment by a pretrial detainee, a § 1983 claim must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Supreme Court pointed out in *Estelle* that not every claim by a prisoner that he has not received adequate medical treatment creates a violation. Furthermore, in *Miltier v. Beorn*, the Fourth Circuit Court of Appeals noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851–852 (4th Cir. 1990).

Here, the defendants have presented unrefuted evidence that the plaintiff, who suffered from a preexisting perforation of his left eardrum and earaches, was seen and treated numerous times by medical staff. The Magistrate Judge opines that no reasonable jury could find that the defendants were deliberately indifferent to the plaintiff's serious medical needs and this court agrees.

The court further agrees with the Magistrate Judge's finding that the facts alleged,

taken in the light most favorable to the plaintiff, show that the defendants' conduct did not violate plaintiff's constitutional rights, thus the defendants are entitled to qualified immunity. *Pearson v. Callahan*, 129 S. Ct. 808, 815–16 (2009).

After a careful review of the record, the applicable law, and the Report and Recommendation, the court finds the Magistrate Judge's recommendation to be proper and incorporates the Report herein by reference. Accordingly, the defendants' motion for summary judgment is granted and this action is dismissed with prejudice.

IT IS SO ORDERED.

July 15, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge